## (September 19, 1983)

■ ART TITLE, INC., Respondent, v JAN FELD, Appellant, and MARIO GENOVESI, INC., et al., Respondents. — In an action to foreclose a mechanic's lien, defendant Jan Feld appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated October 13, 1981, which, *inter alia,* granted foreclosure and sale to plaintiff against him in the principal amount of $3,428.38, together with an extra allowance of discretionary costs pursuant to

CPLR 8303. Judgment affirmed, with one bill of costs payable to respondents. Plaintiff commenced this action to recover for labor and services performed at the instance of defendant Mario Genovesi, Inc., a general contractor, upon the home of defendant Jan Feld. The defendant contractor denied any obligation, and the homeowner denied the pertinent allegations in addition to alleging a defective filing of plaintiff's lien. Before trial the plaintiff, the general contractor and two other joined subcontractors holding liens on defendant Feld's home agreed to the recovery by the subcontractors of the amounts owed them by the general contractor and fixed by their liens. They further agreed to stipulate that judgments for such amounts would not be entered unless this court affirmed an earlier judgment of the Supreme Court, Westchester County (Marbach, J.), confirming an arbitral award in favor of the general contractor against the defendant homeowner (*Mario Genovesi, Inc. v Feld,* 96 AD2d 1073). The general contractor's attorney was to hold the sum awarded by the arbitrators in escrow pending this court's determination, and upon this court's, affirmance of the judgment was to pay the subcontractors before turning the remainder over to the general contractor. Despite this agreement, which would protect him, the defendant homeowner insisted on proceeding to trial of this foreclosure action against the advice of his counsel. We agree with the trial court that there was no merit to any of the homeowner's defenses. We therefore conclude that the trial court did not abuse its discretion in awarding an additional allowance as costs pursuant to CPLR 8303 (subd [a], par 2). We find no merit in any of defendant homeowner's other contentions on appeal. Given this court's affirmance of the judgment confirming the arbitration award (*Mario Genovesi, Inc. v Feld, supra*), we note that this award should serve as the fund from which the subcontractors' claims are to be satisfied pursuant to their agreement with the general contractor, if in fact the agreement was executed despite defendant homeowner's failure to join in it pursuant to the proposed stipulation. Accordingly, the judgment appealed from must be affirmed. O'Connor, J. P., Brown, Niehoff and Rubin, JJ., concur.